**Hakob BARSEGHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73297.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Frank A. Wilson, AUSA, USSP–Office of the U.S. Attorney, Spokane, WA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Melissa Neiman–Kelting, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Hakob Barseghyan, a native and citizen of Armenia, petitions for review of the

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's and BIA's adverse credibility determination based upon inconsistencies in Barseghyan's testimony and between his testimony and his asylum application regarding whether he faced a criminal indictment in Armenia. The finding goes to the heart of Barseghyan's asylum claim. *See id.* at 963. Accordingly, substantial evidence supports the determination that Barseghyan failed to establish eligibility for asylum. *See id.*

Because Barseghyan failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

We reject Barseghyan's contention that the BIA violated due process by failing to consider his claim for relief pursuant to the CAT, because the BIA adopted and affirmed the IJ's finding that Barseghyan failed to establish that it is more likely than not that he would be tortured if he returns to Armenia. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.